**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**COLLETTE WILLIAMS,** *Individually, and*
*on behalf of herself and others similarly situated,*

Plaintiff,

v.                                                              No._____

**SECURITAS SECURITY SERVICES**            **FLSA Collective Action**
**USA, INC.,**                                                 **JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Collette Williams ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid supervisors, brings this FLSA collective action against Securitas Security Services USA, Inc. ("Defendant") and alleges as follows:

### I.     INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages for Plaintiff and other similarly situated current hourly-paid supervisors.

2. Plaintiff alleges she and similarly situated hourly-paid supervisors worked "off-the-clock" at the direction and inducement of Defendant. However, Defendant failed to record such "off the clock" compensable time into its time keeping system.

## II. JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this District at all times relevant to this action. In addition, Defendant regularly conducted and continues to conduct business in this District and has engaged and continues to engage in wrongful conduct alleged herein in this District during all times material to this cause.

## III. CLASS DESCRIPTION

5. Plaintiff brings this action on behalf of herself and all of the following similarly situated persons:

> All current and former hourly-paid supervisors who were employed "full-time" by Defendant in the United States for at least one full week during the applicable limitations period covered by this Collective Action Complaint (*i.e.,* two years for FLSA violations and, three years for willful FLSA violations), and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV. PARTIES

6. Defendant, Securitas Security Services USA, Inc., is a Delaware Corporation with its principal address at 9 Campus Drive, Parsippany, New Jersey 07054-4408. Defendant's registered agent for process is: National Registered Agents, Inc., 300 Montvue Road, Knoxville, Tennessee 37919-5546.

7. Plaintiff, Collette Williams, was employed by Defendant as an hourly-paid supervisor within this District during the relevant period herein. (Plaintiff Williams' Consent to Join this Collective Action is attached hereto as *Exhibit A*.)

## V.  BASIC ALLEGATIONS

8. Defendant provides security services for its customers throughout most states in the nation, including the State of Tennessee.

9. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

10. At all times relevant, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

11. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

12. Plaintiff and all others similarly situated are current or former hourly-paid supervisors (hereinafter "class members") of Defendant.

13. Plaintiff Williams works for Defendant in Memphis, Tennessee and alleged violations by Defendant occurred at her workplace.

14. Plaintiff and class members routinely worked forty (40) or more hours within weekly pay periods for Defendant during all times relevant and material to this action.

15. Plaintiff and class members' "off the clock" work is in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action.

16. Defendant has had a de facto policy and actual practice of requiring, inducing, expecting and/or, suffering and permitting, Plaintiff and class members to work "off the clock" in

excess of forty (40) hours by expecting and/or requiring them to deal with work issues "after hours" by answering work related calls, texts, and emails.

17. In turn, Defendant's management members have required, induced, expected, and/or suffered and permitted, Plaintiff and class members to perform work duties "off the clock" in order to stay within or below the aforementioned projected and budgeted labor cost.

18. At all times material, Defendant worked Plaintiff and class members "off the clock" without compensation in the following ways, *inter alia*:

    (a) By requiring Plaintiff and class members to spend off-duty hours on work-related communications, including text messaging, emailing, telephoning and using other devices to communicate with employees, team leads and management members; and,

    (b) By requiring Plaintiff and class members to spend off-duty hours attending work-related training, etc.

19. However, Defendant failed to compensate plaintiff and class members for this work.

20. As a result of such "off the clock" time, Plaintiff and class members are entitled the applicable FLSA overtime rates of pay hours for all such "off the clock" work.

21. Defendant's time keeping records do not reflect this "off the clock" work of Plaintiff and class members.

22. Plaintiff's and class members' "off the clock" unpaid wage claims are unified by a common theory of Defendant's FLSA statutory violations.

23. Defendant has been aware of the aforementioned "off the clock" unpaid wage claims of Plaintiff and class member but failed to compensate them for such compensable hours at one and one-half times their regular hourly rate of pay within weekly pay periods during all time material to this action.

24. The net effect of Defendant's aforementioned de facto policy and actual practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiff and class members to perform work duties without receiving all their compensable overtime compensation was to increase profits, save payroll costs and payroll taxes, and stay within or below its projected and budgeted labor cost.

25. As a consequence, Defendant violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiff and class members.

26. Plaintiff and class members are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant.

27. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.  COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

29. These claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

30. Plaintiff and class members also are similarly situated because their "off the clock" claims are unified by a common theory of Defendant's FLSA statutory violations.

31. Plaintiff and class members have suffered and will continue to suffer irreparable damage from the aforementioned unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I
## FLSA VIOLATIONS – UNPAID OVERTIME COMPENSATION

### (On Behalf of the Class)

32. Plaintiff, on behalf of herself and class members, repeats and re-alleges Paragraphs 1 through 31 above as if they were set forth herein.

33. At all times relevant herein, Defendant has had a de facto policy and actual practice of willfully failing to pay Plaintiff and class members the appropriate overtime compensation for all of their "off the clock" work time in excess of forty (40) hours per week within weekly pay periods.

34. During all times relevant, Defendant's de facto policy and actual practice of willfully failing to pay Plaintiff and class members one and one-half times their regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods has resulted in their claims being unified by a common theory of FLSA violations.

35. Defendant's aforementioned FLSA violations were willful and in reckless disregard to the FLSA overtime compensation requirements.

36. At all times relevant herein, Defendant has had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and class members for all hours worked over forty (40) within weekly pay periods at the applicable FLSA overtime rates of pay.

37. As a result of Defendant's willful failure to compensate Plaintiff and class members at a rate of not less than one and one-half times the regular hourly rate of pay for compensable

hours in excess of forty (40), within weekly pay periods during all times relevant, it has violated and continues to violate the FLSA, 29 U.S.C. § 255(a).

38. Defendant does not have a good faith basis for its aforementioned FLSA violations.

39. Due to Defendant's willful FLSA violations and, lack of a good faith basis for the FLSA violations, Plaintiff and class members are entitled to recover compensation from Defendant for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, requests this Court to grant the following relief against Defendant:

A. An award of compensation for unpaid overtime wages to Plaintiff and class members at the applicable FLSA overtime rates of pay.

B. An award of liquidated damages to Plaintiff and class members;

C. An award of prejudgment (in the event that liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and class members;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

E. A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action, and

F. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: July 12, 2022                                        Respectfully Submitted,

*s/Robert E. Turner, IV*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiffs*